1   KENNETH R. DAVIS II (OSB 971132)
    davisk@lanepowell.com
2   PARNA A. MEHRBANI (OSB 053235)
    mehrbanip@lanepowell.com
3   TIFFANY SCOTT (WSB 41740)
    scottt@lanepowell.com
4   JANE POWELL PC
    601 SW SECOND AVENUE, SUITE 2100
5   PORTLAND, OR 97204-3158
    Telephone:  503.778.2100
6   Fax:  503.778.2200

7   *Pro hac vice* applications pending

8   STEPHEN S. SMITH (CSB 166539)
    ssmith@greenbergglusker.com
9   RACHEL VALADEZ (CSB 252415)
    rvaladez@greenbergglusker.com
10  GREENBERG GLUSKER FIELDS CLAMAN &
    MACHTINGER LLP
11  1900 AVENUE OF THE STARS, 21ST FLOOR
    LOS ANGELES, CA  90065
12  Telephone:  310.553.3610
    Fax:  310.553.0687
13
    Attorneys for Defendant
14  GOLDEN TEMPLE OF OREGON, LLC

15              UNITED STATES DISTRICT COURT

16             CENTRAL DISTRICT OF CALIFORNIA

17

18  BIBIJI INDERJIT KAUR PURI, an        Case No.  CV10-882 JFW - VBK
    individual,
19                                        **DEFENDANT GOLDEN TEMPLE
                    Plaintiff,            OF OREGON, LLC'S NOTICE OF
20                                        MOTION AND MOTION TO
    v.                                    DISMISS OR, IN THE
21                                        ALTERNATIVE, TO MAKE MORE
    GOLDEN TEMPLE OF OREGON,              DEFINITE AND CERTAIN AND, IN
22  LLC, an Oregon limited liability      THE ALTERNATIVE, TO COMPEL
    corporation; DOES 1 through 10,       ARBITRATION; MEMORANDUM
23                                        OF POINTS AND AUTHORITIES
                    Defendants.           IN SUPPORT THEREOF**
24
                                          **[Declaration of Kenneth R. Davis II
25                                        and [Proposed] Order filed
                                          concurrently herewith]**
26
                                          **Date: Monday, April 12, 2010
27                                        Time: 1:30 p.m.
                                          Place: Courtroom 16, 312 N. Spring
28                                        St., Los Angeles, CA 90012**

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

TO PLAINTIFF BIBIJI INDERJIT KAUR PURI, AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT that on Monday, April 12, 2010, at 1:30 p.m., or as soon thereafter as counsel may be heard in Courtroom 16 of the above-titled Court, located at 312 N. Spring Street, Los Angeles, CA 90012, Defendant Golden Temple of Oregon, LLC ("Golden Temple" or "Defendant"), will appear and move the Court to dismiss Plaintiff Bibiji Inderjit Kaur Puri's ("Bibiji" of "Plaintiff") Complaint for lack of standing and pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant will move in the alternative for an order requiring Bibiji to amend her Complaint to make it more definite and certain. Defendant will also move in the alternative pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the Complaint for improper jurisdiction and venue and to compel arbitration in Portland, Oregon, as required by the license agreement between the parties.

This Motion is made on the grounds that Plaintiff lacks standing to assert each of the causes of action alleged in her Complaint because she has failed and is unable to allege ownership or a cognizable interest in any of the relevant trademarks at issue. Moreover, Plaintiff's first, second, third, fourth, fifth and tenth causes of action fail to state claims upon which relief can be granted because she has failed to allege sufficient facts to support such claims under any cognizable legal theory. In the alternative, if Plaintiff's claims are not dismissed, Plaintiff should be compelled to provide a more definite statement of each of her claims, as they are fatally vague and ambiguous as currently stated, or, the Court should dismiss the Complaint for improper jurisdiction and venue and compel arbitration in Portland, Oregon so as to be in compliance with the arbitration provision in the parties' governing license agreement.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP**
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

This Motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place following a telephonic conference between counsel for the parties on March 10, 2010.

This motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the accompanying declaration of Kenneth R. Davis II, the pleadings and records on file in this action (including Plaintiff's Complaint), and such other evidence and argument as this Court may consider at or before the hearing of this matter.

DATED:  March 15, 2010          GREENBERG GLUSKER FIELDS
                                CLAMAN & MACHTINGER LLP


                        By:  /s/ Stephen S. Smith
                             STEPHEN S. SMITH (SBN 166539)
                             Attorneys for Defendant GOLDEN
                             TEMPLE OF OREGON, LLC

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ........................................................................................ 1

II.   FACTS ...................................................................................................... 1

III.  ARGUMENT ............................................................................................ 3

A.   The Legal Standard Applicable to the Motion to Dismiss
     Pursuant to Fed. R. Civ. P. 12 (b)(6) ............................................... 4

B.   Bibiji Lacks Standing to Sue ............................................................. 5

     1.   Bibiji Does Not Have Standing Under § 32 of the Lanham
          Act (Count I) ............................................................................ 6

     2.   Bibiji Does Not Have Standing Under § 43(a) of the
          Lanham Act (Counts II and III) ............................................... 7

     3.   Bibiji Does Not Have Standing to Sue for Common Law
          Trademark Infringement (Count I) ........................................... 8

     4.   Bibiji Does Not Have Standing to Cancel Golden
          Temple's Trademark Registration (Count X) ........................... 8

C.   Bibiji Has Failed to State Claims Upon Which Relief Can Be
     Granted .............................................................................................. 9

     1.   Bibiji Fails to State a Trademark Infringement Claim
          Under Both the Lanham Act and California Common Law
          (Count I) .................................................................................. 10

     2.   Bibiji Fails to State a False Designation of Origin Claim
          (Counts II and III) ................................................................... 12

     3.   Bibiji Fails to State an Unfair Competition Claim
          (Count IV) ............................................................................... 14

     4.   Bibiji Fails to State an Unfair Trade Practices Claim
          (Count V) ................................................................................. 15

     5.   Bibiji Fails to State a Trademark Cancellation Claim
          (Count X) ................................................................................. 16

D.   In the Alternative, if Bibiji's Deficient Claims Are Not
     Dismissed, They Should Be Made More Definite and Certain ......... 17

E.   In the Alternative, If the Court Does Not Dismiss the Claims, it
     Should Compel Arbitration ................................................................ 18

     1.   The License Agreement Requires Bibiji to Proceed by
          Arbitration in Portland, Oregon .............................................. 18

1

**TABLE OF CONTENTS**
(continued)

2
**Page**

3          2.      The Court Should Compel Arbitration in Portland,

4                  Oregon ...................................................................................... 20

5   IV.    CONCLUSION .............................................................................. 22

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Page**

**FEDERAL CASES**

*Apple Inc. v. Psystar Corp.*,
586 F.Supp.2d 1190 (N.D. Cal. 2008)...........................................14, 15

*Branch v. Tunnell*,
14 F.3d 449 (9th Cir. 1994) ............................................................4

*Brian Clewer, Inc. v. Pan American World Airways, Inc.*,
674 F. Supp. 782 (C.D. Cal. 1986)...............................................11

*Chelsea Family Pharmacy, PLLC v. Medco Health Solutions, Inc.*,
567 F.3d 1191 (10th Cir. 2009).....................................................20

*Clegg v. Cult Awareness Network*,
18 F.3d 752 (9th Cir. 1994) ............................................................4

*Collins & Aikman Products Co. v. Building Systems, Inc.*,
58 F.3d 16 (2d Cir. 1995)..............................................................22

*Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service Inc.*,
911 F.2d 242 (9th Cir. 1990) .........................................................12

*Cunningham v. Laser Golf Corp.*,
222 F.3d 943 (Fed. Cir. 2000) .........................................................8

*Dean Witter Reynolds, Inc. v. Byrd*,
470 U.S. 213 (1985) ......................................................................22

*Emrich v. Touche Ross & Co.*,
846 F.2d 1190 (9th Cir. 1988)..........................................................4

*Glow Industries, Inc. v. Lopez*,
273 F.Supp.2d 1095 (C.D. Cal. 2003)..............................................6

*Hal Roach Studios v. Richard Feiner & Co.*,
896 F.2d 1542 (9th Cir. 1989)..........................................................4

*Halicki Films, LLC v. Sanderson Sales and Marketing*,
547 F.3d 1213 (9th Cir. 2008)...................................................5, 8, 9

*Holden v. Hagopian*,
978 F.2d 1115 (9th Cir. Cal. 1992) .................................................11

*In re Washington Mutual Overdraft Protection Litigation*,
539 F.Supp.2d 1136 (C.D. Cal. 2008).........................................9, 10

*International Order of Job's Daughters v. Lindeburg & Co.*,
727 F.2d 1087 (Fed. Cir. 1984) ........................................................8

*J.J. Ryan & Sons, Inc. v. Rhone Poulenc Textile, S.A.*,
863 F.2d 315 (4th Cir. 1988)..........................................................20

1

2

### TABLE OF AUTHORITIES
(continued)

**Page**

3

*Jack Russell Terrier Network of Northern Ca. v. American Kennel Club, Inc.*,
407 F.3d 1027 (9th Cir. 2005) ............................................................. 7

4

5

*Jarrow Formulas, Inc. v. Nutrition Now, Inc.*,
304 F.3d 829 (9th Cir.) *cert. denied* 537 U.S. 1047 (2002) ............................... 12

6

*Kiefer Specialty Flooring, Inc. v. Tarkett, Inc.*,
174 F.3d 907 (7th Cir. 1999) ............................................................. 20

7

8

*Marder v. Lopez*,
450 F.3d 445 (9th Cir. 2006) ............................................................. 5

9

*Metal Lite, Inc. v. Brady Const. Innovations, Inc.*,
558 F.Supp.2d 1084 (C.D. Cal. 2007) ..................................................... 13

10

11

*Metrokane, Inc. v. The Wine Enthusiast*,
160 F.Supp.2d 633 (S.D.N.Y. 2001) ...................................................... 5

12

*Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*,
460 U.S. 1 (1983) ...................................................................... 21

13

14

*Norcom Electronics Corp. v. CIM USA Inc.*,
104 F.Supp.2d 198 (S.D.N.Y. 2000) ...................................................... 20

15

16

*Orange County Choppers, Inc. v. Goen Technologies Corp.*,
374 F. Supp. 2d 372 (S.D.N.Y. 2005) .................................................. 19, 20

17

*Republic of Nicaragua v. Standard Fruit Co.*,
937 F.2d 469 (9th Cir. 1991) *cert. denied*, 503 U.S. 919 (1992) ....................... 22

18

19

*Southland Corp. v. Keating*,
465 U.S. 1 (1984) ...................................................................... 21

20

*Southland Sod Farms v. Stover Seed Co.*,
108 F.3d 1134 (9th Cir. 1997) ........................................................... 14

21

22

*Sybersound Records, Inc. v. UAV Corp.*,
517 F.3d 1137 (9th Cir. 2008) ...................................................... 12, 14, 15

23

*Toho Co., Ltd. v. Sears, Roebuck & Co.*,
645 F.2d 788 (9th Cir. Cal. 1981) ....................................................... 10

24

25

*Walter v. Mattel, Inc.*,
210 F.3d 1108 (9th Cir. 2000) ........................................................... 14

26

*Wood v. Apodaca*,
375 F.Supp.2d 942 (N.D.Cal. 2005) .................................................. 10, 11

27

28

**FEDERAL: STATUTES, RULES, REGULATIONS, CONSTITUTIONAL PROVISIONS**

9 U.S.C. § 2 ............................................................................ 21

# TABLE OF AUTHORITIES
### (continued)

**Page**

9 U.S.C. § 3 .................................................................................................. 21

9 U.S.C. § 4 .................................................................................................. 21

15 U.S.C. § 1064 .......................................................................................... 16

15 U.S.C. § 1064(3) ..................................................................................... 16

15 U.S.C. § 1065 .......................................................................................... 16

15 U.S.C. § 1114(1) .................................................................................. 6, 7

15 U.S.C. § 1114(1)(a) ................................................................................ 10

15 U.S.C. § 1125(a) ....................................................................................... 7

15 U.S.C. § 1125(a)(1)(B) ....................................................................... 7, 13

Federal Rule of Civil Procedure 12(b)(6) ........................................... passim

Federal Rule of Evidence 201 .................................................................. 4, 5


**STATE: STATUTES**

Cal. Bus. & Prof. Code § 17204 ................................................................. 15


**OTHER AUTHORITIES**

3 J. Thomas McCarthy, Mcarthy on Unfair Competition § 20:41 (4th ed.
    1996 & Supp. 1999) .................................................................................. 8

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Defendant Golden Temple of Oregon, LLC ("Golden Temple" or "Defendant"), by and through its attorneys, respectfully moves this Court to dismiss Plaintiff Bibiji Inderjit Kaur Puri's ("Bibiji" of "Plaintiff") Complaint  for lack of standing and pursuant to Federal Rule of Civil Procedure 12(b)(6) because Bibiji has failed to state a claim upon which relief can be granted.  Defendant moves in the alternative for an order requiring Bibiji to amend her Complaint to make it more definite and certain.  Defendant also moves in the alternative pursuant to Fedearl Rule of Civil Procedure 12(b)(6) to dismiss the Complaint for improper jurisdiction and venue and to compel arbitration in Portland, Oregon, as required by the license agreement between the parties.

## II.   FACTS[1]

Golden Temple has been using its YOGI and YOGI TEA trademarks on its products for many years.  For some time and pursuant to a license, Golden Temple also used the name and likeness of Plaintiff's late husband, Yogi Bhajan, on its product packaging.  Based on some purported, but insufficiently alleged, right in her late husband's name and likeness, Plaintiff now attempts to hijack Golden Temple's YOGI brand.  Plaintiff has not and cannot allege any of the underlying facts required to support her claims.

Plaintiff acknowledges the existence of the parties' license agreement in her Complaint, but fails to attach it.  Complaint ¶¶ 15-18.  On both July 26, 2004, and October 1, 2004, Harbhajan Singh Khalsa Yogiji, as Trustee of the Harbhajan Singh Khalsa Yogiji and Inderjit Kaur Living Trust (the trust created by Yogi Bhajan and Bibiji), entered into license agreements with Golden Temple.  *See*

---

[1] The facts set forth herein are based on the Complaint and the Declaration of Kenneth R. Davis II, filed concurrently herewith.

MOTION TO DISMISS OR MAKE MORE
DEFINITE AND COMPEL ARBITRATION

Declaration of Kenneth R. Davis II ("Davis Decl."), Ex. A at 1; Ex. B at 1.  Without conceding which license agreement applies, Golden Temple acknowledges that in most substantive respects, the July, 2004, and October, 2004, license agreements are the same, except that the July, 2004, agreement includes a 10-year term, while the October, 2004, agreement includes a 75-year term.  Golden Temple refers to these license agreements collectively herein as the "License Agreement" because the terms cited herein are identical in both agreements.

The License Agreement explicitly terminated all previous agreements between the parties (Davis Decl., Ex. A[2] at 1, 7, 9) and granted (1) an exclusive license to use the "Licensed Trademarks" on "Licensed Products" anywhere in the world and (2) a non-exclusive license to manufacture, sell and distribute tea and chai "Licensed Products" in certain geographic locations, including the United States.  *See id.* at 2.  The term "Licensed Products" is defined as any product or part thereof bearing a "Licensed Trademark" and listed on an exhibit attached to the License Agreement.  The exhibit lists approximately 100 products, many of which are not tea or chai products.  The term "Licensed Trademarks," is defined in Section 1.4 of the License Agreement as any "Marks as defined in Section 1.2 *and* listed on the attached Exhibit 1.4." (emphasis added) (the "Licensed Marks").  Notably, Exhibit 1.4 contains only a single mark -- the image of Yogi Bhajan.  Section 1.2, in relevant part, defines "Marks" as any "trademark, servicemark, logo, insignia, seal, design, or other symbol used by or identifying [Yogi Bhajan], specifically including the name of Harbhajan Singh Khalsa Yogiji, or Yogi Bhajan, any likeness of him[.]"  *See id.* at 11-12 (Ex. 1.4 of the License Agreement).

---

[2] Page citations are the same for the July, 2004, agreement attached as Exhibit B. to the Davis Decl.  Without conceding which agreement is operative and to avoid duplication, Golden Temple cites to only the October, 2004, agreement, attached as Exhibit A to the Davis Decl., with the understanding that Exhibit B is also cited therein in every instance.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

In 2008, Golden Temple terminated the License Agreement because it was no longer using the Licensed Marks, that is, it was no longer using Yogi Bhajan's name or likeness.  Complaint ¶ 18.  Golden Temple continues to use several variations of its primary YOGI brand, including YOGI for granola products, cereal products, and tea products, YOGI TEA, and a stylized YOGI TEA logo (these marks are collectively referred to as the "Golden Temple Marks").  Golden Temple owns an incontestable federal registration for the mark YOGI TEA (Reg. No. 1980514) and a federal registration for  the YOGI TEA logo (Reg. No. 3435101). *See* Complaint Exs. B-F.  Golden Temple has applications pending with the U.S. Patent and Trademark Office for other Golden Temple Marks.  *See, e.g.*, Complaint Exs. B-C.  None of the Golden Temple Marks has ever included Yogi Bhajan's name or likeness or born any resemblance to the Licensed Marks.  *Id.* at Exs. B-F. Golden Temple's brand is YOGI and its use of the Licensed Marks was always tertiary to its primary branding.

## III.   ARGUMENT

Despite Golden Temple's continuous good faith use of only the Golden Temple Marks, in her Complaint, Bibiji alleges federal, statutory, and common law trademark infringement as well as false designation of origin of the Licensed Marks.  Complaint ¶¶ 21-38.  Bibiji also alleges unfair competition and unfair trade practices.  Complaint ¶¶ 39-47.  However, Bibiji has failed to meet basic standing requirements to bring a trademark infringement action and other related claims. Further, despite duplicative claims and eight pages of allegations, Bibiji fails to allege basic, prima facie elements of her claims.  Bibiji does not allege ownership of any trademark at all, does not allege use of the Licensed Marks by herself or anyone (apart from Golden Temple) and does not allege any likelihood of confusion among the Licensed Marks and the Golden Temple Marks.  Given these fundamental deficiencies, this Court should dismiss Bibiji's Complaint.

Moreover, despite alleging its existence, Bibiji failed to attach the License Agreement and ignores operative provisions therein that require all disputes arising out of or relating to the License Agreement to be settled by arbitration in Portland, Oregon.  Pursuant to these provisions, her filing in the Central District of California is improper.

### A.    The Legal Standard Applicable to the Motion to Dismiss Pursuant to Fed. R. Civ. P. 12 (b)(6).

In lieu of filing an answer to a complaint, a defendant can object to appearing when, as is the case here, a plaintiff does not have standing to sue or when a plaintiff has failed to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).  A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the legal sufficiency of each of the claims that Bibiji asserts in her Complaint.

The scope of the matters reviewable by this Court on this motion includes the contents of the Complaint, the exhibits submitted with the Complaint, and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201.  *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994) ("Review is limited to the contents of the complaint" when considering a motion to dismiss); *see also Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989) ("material which is properly submitted as part of the complaint may be considered" on a motion to dismiss) (citation omitted); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1198 (9th Cir. 1988) ("when passing on a motion attacking the legal efficacy of the plaintiff's statement of his claim, the court may properly look beyond the complaint only to items in the record of the case or to matters of general public record.") (citations omitted).

A "document is not 'outside' the Complaint if the Complaint specifically refers to the document and if its authenticity is not questioned." *Branch v. Tunnell*,

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

4

MOTION TO DISMISS OR MAKE MORE DEFINITE AND COMPEL ARBITRATION

14 F.3d 449, 453 (9th Cir. 1994);  *see also Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) ("A court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion.").   Here, this rule applies to the License Agreement, which is specifically alleged and relied upon in the Complaint.  Complaint ¶¶ 15-18.

This rule also applies to physical items that are alleged in, and are the subject, of the Complaint.  *See Metrokane, Inc. v. The Wine Enthusiast*, 160 F.Supp.2d 633, 637 (S.D.N.Y. 2001) (stating same).  In *Metrokane*, the Court, on a Rule 12(b)(6) motion, ruled that the plaintiff's and defendants' products involved in a trade dress infringement action were not "extraneous" to plaintiff's amended complaint because that pleading included drawings of the products and those products were deemed by the court to be incorporated by reference into the amended complaint.  *See id.*

Upon this motion, the Court may consider the following factual materials: (1) the allegations of the Complaint; (2) the trademarks alleged in or incorporated into the Complaint either by words, photographs, or exhibits; (3) the actual packaging of the products alleged in, incorporated into, or illustrated in the Complaint and the exhibits thereto; (4) records of Federal trademark registrations of which this Court may take Judicial Notice pursuant to Rule 201, Federal Rules of Evidence; and (5) the License Agreement specifically alleged and relied upon in the Complaint.

## B.   Bibiji Lacks Standing to Sue.

To establish standing to sue for trademark infringement under the Lanham Act, a plaintiff must show that he or she is either (1) the owner of a federal mark registration, (2) the owner of an unregistered mark, or (3) a non-owner with a cognizable interest in the allegedly infringed trademark.  *Halicki Films, LLC v.*

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

MOTION TO DISMISS OR MAKE MORE DEFINITE AND COMPEL ARBITRATION

*Sanderson Sales and Marketing*, 547 F.3d 1213, 1225-26 (9th Cir. 2008) (citing 15 U.S.C. §§ 1114(1), 1125(a); 5 J. THOMAS MCCARTHY, MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION §§ 27:20-21, 32:3, 32:12 (4th ed. 2008) (stating same)). Bibiji makes no such allegations and as such fails to meet standing requirements for all of her claims.[3]

### 1. Bibiji Does Not Have Standing Under § 32 of the Lanham Act (Count I).

Section 32 states that only a trademark *registrant* has standing to sue for reproducing, counterfeiting, copying, or colorably imitating a registered mark. 15 U.S.C. § 1114(1); see *also Glow Industries, Inc. v. Lopez*, 273 F.Supp.2d 1095, 1106 (C.D. Cal. 2003) (stating "Section 32 of the Lanham Act grants standing to assert a claim for trademark infringement solely to the 'registrant' of the trademark" and citing 15 U.S.C. § 1114).

Bibiji is not and has not alleged that she is the owner of any federal trademark registration for any mark, much less the Licensed Marks, the Golden Temple Marks, or any mark similar to either the Licensed Marks or the Golden Temple Marks. Therefore, Bibiji has no standing to make a claim for federal statutory trademark infringement set forth in Count I. *See* Complaint ¶¶ 21-26. Nor can Bibiji cure her lack of standing by asserting some vague interest in trust assets, or that she is bringing her claims as trustee of some trust because Bibiji has not alleged that any trust or trustee of any trust owns any federal trademark registration for the Licensed Marks, the Golden Temple Marks, or any mark similar to either the Licensed Marks or the Golden Temple Marks. *See id.* ¶ 20.

---

[3] Bibiji's requests for equitable remedies (Count VI for constructive trust, Count VII for declaratory relief, Count VIII for assignment of trademark applications and registrations, and Count IX for a determination of Golden Temple's right to register), couched as separate counts but not based on any unique facts, must fail alongside her legal counts because they fully rely upon the same statutory or common law claims for which Bibiji's allegations are insufficient.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

Bibiji lacks standing to sue by the express statutory provisions of 15 U.S.C. § 1114(1).  Count I should be dismissed.

## 2. Bibiji Does Not Have Standing Under § 43(a) of the Lanham Act (Counts II and III).

Bibiji alleges both "False Designation of Origin Under 15 U.S.C. § 1125(a)" (Complaint ¶ 27-32) as Count II and "Violation of Section 43(a) of the Lanham Act" (Complaint ¶ 33-38) as Count III.[4]  Both of these claims use language unique to 15 U.S.C. § 1125(a)(1)(B).  Bibiji lacks standing regardless of her different names for the same statute.

For a plaintiff to have standing  "pursuant to the 'false advertising' prong of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), [she] must show: (1) a commercial injury based upon a misrepresentation about a product; and (2) that the injury is 'competitive,' or harmful to the plaintiff's ability to compete with the defendant."  *Jack Russell Terrier Network of Northern Ca. v. American Kennel Club, Inc.*, 407 F.3d 1027, 1037 (9th Cir. 2005) (citations omitted).

Because Bibiji asserts claims under §1125(a)(1)(B) (*see* Complaint ¶ 28, 34), her claims must fail because she has not alleged any commercial injury.  Bibiji has not alleged that she is using the Licensed Marks in commerce for any products or services.  She has not alleged that she is competing with Golden Temple or that she is suffering any harm as a result of Golden Temple's use of the Golden Temple Marks.  Further, Bibiji only purports to own a fifty percent (50%) interest in the undefined assets of a trust and she has failed to allege any information as to the other fifty percent (50%) ownership interest.  *See* Complaint ¶ 20.

---

[4] The allegations under these different Counts are nearly identical, merely using different names for the same statutory provision (Count II uses the section designation and Count III uses the statutory numbering designation).  Complaint ¶¶ 27-38.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

MOTION TO DISMISS OR MAKE MORE DEFINITE AND COMPEL ARBITRATION

### 3.   Bibiji Does Not Have Standing to Sue for Common Law Trademark Infringement (Count I).

The Lanham Act's standing requirements also apply to common law trademark infringement claims.  *See Halicki*, 547 F.3d at 1226.  As explained in Section III.B.1., Bibiji has not alleged ownership, nor has she alleged that she makes commercial use of the trademarks at issue.  As a result, Bibiji also fails to meet the standing requirements for common law trademark infringement.

### 4.   Bibiji Does Not Have Standing to Cancel Golden Temple's Trademark Registration (Count X).

A party seeking cancellation must show that it has standing to do so.  *See Cunningham v. Laser Golf Corp.*, 222 F.3d 943, 945 (Fed. Cir. 2000) (citations omitted); 3 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 20:41 (4th ed. 1996 & Supp. 1999).  To establish standing, the party seeking cancellation must show a belief that it is likely to be damaged by the registration.  *Cunningham*, 222 F.3d at 945 (citations omitted); McCarthy, §§ 20:7, 20:41, 20:46.  "A belief in likely damage can be shown by establishing a direct commercial interest."  *Cunningham*, 222 F.3d at 945 (citation omitted).

The Lanham Act requires a cancellation petitioner to plead and prove facts showing a "'real interest' in the proceeding in order to establish standing."  *Halicki*, 547 F.3d at 1228 (citing *Star-Kist Foods, Inc. v. P.J. Rhodes & Co.*, 735 F.2d 346, 349 (9th Cir. 1984)); *see also International Order of Job's Daughters v. Lindeburg & Co.*, 727 F.2d 1087, 1092 (Fed. Cir. 1984) (the Lanham Act requires "that the cancellation petitioner plead and prove facts showing a 'real interest' in the proceeding in order to establish standing.) (citations omitted)).

> [A] cancellation petitioner must show he is more than an intermeddler but rather has a personal interest, and that there is a real controversy between the parties. Thus, his allegations alone do not establish standing. The petitioner,

MOTION TO DISMISS OR MAKE MORE
DEFINITE AND COMPEL ARBITRATION

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

> instead, must show a real and rational basis for his belief that he would be damaged by the registration sought to be cancelled, stemming from an actual commercial or pecuniary interest in his own mark. * * * Examples of what courts have countenanced as reasonable bases are: an assertion of a likelihood of confusion [between the petitioner's mark and the registered mark at issue] which is not wholly without merit, * * * or * * * a rejection of an application during prosecution.

*Id.* at 1228-1229 (citing *Star-Kist Foods*, 735 F.2d at 349 (9th Cir. 1984) (internal citations and quotes omitted)).

Bibiji has not alleged any actual commercial or pecuniary interest in the Licensed Marks, the Golden Temple Marks, or any mark similar to either the Licensed Mark or the Golden Temple Marks that is or will be affected by Golden Temple's use of the Golden Temple Marks.  As stated above, Bibiji alleges no commercial use of the Licensed Marks.  Moreover, Bibiji does not make any allegation addressing her presumably limited ability to begin using any such marks based on the status of the trust and her partial interest therein.  With regard to a pecuniary interest, Bibiji has alleged none.  Further, and as set forth in more detail below, Bibiji has not asserted any likelihood of confusion or any other tangible harm that is likely to result from Golden Temple's continued use of its own federally registered marks.  In short, Bibiji does not have and cannot allege a reasonable belief of injury or a personal interest in petitioning for cancellation and has no standing to bring such a claim.

## C.    Bibiji Has Failed to State Claims Upon Which Relief Can Be Granted.

A court should grant a motion to dismiss when a pleading "fails to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A complaint may be dismissed when there is "either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *In re*

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

*Washington Mutual Overdraft Protection Litigation*, 539 F.Supp.2d 1136, 1151 (C.D. Cal. 2008), quoting *Balistreri v. Pacifica Police Dept.*, 901 F.2d 969, 699 (9th Cir. 1988).  A court deciding a motion to dismiss "need not accept as true any unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations."  *Id.* at 1152 (citing *Western Min. Council v. Watt*, 643 F.2d 618, 624 (9th Cir.) *cert. denied*, 454 U.S. 1031 (1981).

### 1.   <u>Bibiji Fails to State a Trademark Infringement Claim Under Both the Lanham Act and California Common Law (Count I)</u>

The Lanham Act imposes liability upon any person who (a) uses an infringing mark (b) in interstate commerce, in connection with the sale or advertising of goods or services, (c) where such use is likely to cause confusion or mislead consumers.  15 U.S.C. § 1114(1)(a).  "To prevail on a trademark infringement claim under the Lanham Act, a plaintiff must prove the existence of a trademark and the subsequent use of that mark by another in a manner likely to create consumer confusion."  *Wood v. Apodaca*, 375 F.Supp.2d 942, 946-947 (N.D.Cal. 2005) (citing *Comedy III Productions, Inc. v. New Line Cinema*, 200 F.3d 593, 594 (9th Cir. 2000).  To state a trademark infringement claim under California common law, "a plaintiff need allege only 1) their prior use of the trademark and 2) the likelihood of the infringing mark being confused with their mark."  *Id.* at 948.  "Without likelihood of confusion there is no infringement under the California common law of trademarks."  *Toho Co., Ltd. v. Sears, Roebuck & Co.*, 645 F.2d 788, 791 (9th Cir. Cal. 1981).

Bibiji's Complaint fails to state a claim for trademark infringement under both the Lanham Act and California common law for several reasons.  First, Bibiji has failed to allege ownership or use of the Licensed Marks, the Golden Temple Marks, or any mark similar to either the Licensed Marks or the Golden Temple

MOTION TO DISMISS OR MAKE MORE
DEFINITE AND COMPEL ARBITRATION

Marks.  Bibiji's ownership allegation is vague and conclusory, and alleges ownership based on a purported trust, which purportedly has been terminated, and which assets purportedly "include the trademark and other intellectual property rights related to Yogi Bhajan."  Complaint ¶ 20.  There are no *specific* allegations of what trademark rights, if any, Yogi Bhajan owned, what rights were held by the trust, or how Bibiji's interest is defined.  Bibiji's allegations regarding the trust are all conclusory and unsupported.  *See Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. Cal. 1992) ("Although we are obliged to presume that all factual allegations . . . are true, we do not 'have to accept every allegation in the complaint as true in considering its sufficiency; rather,. . . [we] will examine whether conclusory allegations follow from the description of facts as alleged by the plaintiff.'") (citations omitted); *see also Brian Clewer, Inc. v. Pan American World Airways, Inc.*, 674 F. Supp. 782, 785 (C.D. Cal. 1986) ("courts do not have to accept every allegation in the complaint as true in considering its sufficiency").

Moreover, Bibiji admits that those who originated and first used the term "Yogi Tea" (i.e., those who own the term) were Yogi Bhajan's students, which same students formed Golden Temple's predecessor.  Complaint ¶¶ 13-14.  Thus, Golden Temple is the only entity that has ever used YOGI or YOGI TEA and is the only entity to which YOGI and YOGI TEA may be associated in the minds of consumers.

Second, Bibiji has failed to allege any unauthorized use of the Licensed Marks by Golden Temple.  *See Wood*, 375 F. Supp. 2d at 947 (stating that a plaintiff must "sufficiently plead unauthorized use").  This is a separate and independent reason why dismissal is appropriate under Fed. R. Civ. P. 12(b)(6).

Finally, Bibiji has failed to allege likelihood of confusion, the crux of any trademark infringement claim.  Without this allegation, her claim fails.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

Because Bibiji has failed to allege each of the prima facie elements of a trademark infringement claim under both federal and state law, she has failed to state a claim upon which relief can be granted. *See id.* (stating that a plaintiff needs to "allege likelihood of confusion").

## 2.   Bibiji Fails to State a False Designation of Origin Claim (Counts II and III).

Bibiji specifically refers to language unique to the false designation of origin section of the Lanham Act, Section 43(a)(1)(B), in two separate and duplicative counts in her Complaint.  Section 43(a)(1)(B) authorizes suit against persons who make false and deceptive statements in a commercial advertisement about their own or the plaintiff's product."  *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 835 (9th Cir.) *cert. denied* 537 U.S. 1047 (2002) (citations omitted).

A prima facie case of false designation of origin requires the plaintiff to show:

> (1) the defendant made a false statement either about the plaintiff's or its own product; (2) the statement was made in a commercial advertisement or promotion; (3) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (4) the deception is material, in that it is likely to influence the purchasing decision; (5) the defendant caused its false statement to enter interstate commerce; and (6) the plaintiff has been or is likely to be injured as a result of the false statement either by direct diversion of sales from itself to the defendant, or by a lessening of goodwill associated with the plaintiff's product.

*Id.* (citations omitted).  Failure to state the required elements of a claim for false designation of origin should result in dismissal.  *See, e.g.*, *Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1144 (9th Cir. 2008) (affirming dismissal of 43(a) claim); *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service*

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

*Inc.*, 911 F.2d 242, 246 (9th Cir. 1990) (affirming dismissal of 43(a) claim); *Metal Lite, Inc. v. Brady Const. Innovations, Inc.*, 558 F.Supp.2d 1084, 1089 (C.D. Cal. 2007) ("Metal Lite's false advertising allegations fail to state a claim upon which relief can be granted").

Bibiji has not alleged that Golden Temple has made any false or deceptive statements about its own products or the Plaintiff's products bearing the Golden Temple Marks or about the Licensed Marks.  (In fact, it is impossible for Golden Temple to make any statement about the Plaintiff's products in this case, as she has none).  Bibiji has not alleged use of the Licensed Marks on any products or in any commercial manner whatsoever.  Bibiji's Complaint merely quotes the false designation of origin statute and summarily states that Golden Temple's use of the Golden Temple Marks "has and will further damage Plaintiff's trademark and its exclusive association with Plaintiff, will harm Plaintiff's reputation, and will damage Plaintiff's goodwill."  Complaint ¶ 29.  Bibiji does not allege how Golden Temple has falsely designated its products.  Bibiji does not allege any facts establishing that *any* trademark is associated with her, or that she has any relevant commercial reputation or goodwill that can be damaged by Golden Temple and its use of its own Golden Temple Marks.

In addition, Bibiji's allegations ignore the facts that she herself alleges elsewhere in her Complaint: Bibiji is not the sole owner of the Licensed Marks and the Licensed Marks do not have an exclusive association with Bibiji but rather with her late husband.  Complaint ¶ 20.  Moreover, Bibiji's statements are merely conclusory legal allegations.  Bibiji's Complaint fails to state a claim under 15 U.S.C. § 1125(a)(1)(B).

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

MOTION TO DISMISS OR MAKE MORE
DEFINITE AND COMPEL ARBITRATION

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

### 3.   **Bibiji Fails to State an Unfair Competition Claim (Count IV).**

"The common law tort of unfair competition is generally thought to be synonymous with the act of 'passing off' one's goods as those of another." *Sybersound*, 517 F.3d at 1153 (citation omitted) (applying California common law); *see also Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1147 (9th Cir. 1997) (applying California common law and stating that unfair competition is "synonymous with the act of 'passing off' one's goods as those of another * * * [, or] acts analogous to 'passing off,' such as the sale of confusingly similar products, by which a person exploits a competitor's reputation in the market.") (citation omitted).  When a plaintiff does not make these allegations, she has failed to state a claim.  *See e.g. Sybersound*, 517 F.3d at 1153 ("Sybersound has not alleged that the Corporation Defendants have passed off their goods as those of another nor that they exploit trade names or trademarks and, thus, has not stated a common law unfair competition claim."); *Apple Inc. v. Psystar Corp.*, 586 F.Supp.2d 1190, 1204 (N.D. Cal. 2008) ("Psystar's sixth claim for relief alleges violations of the common law of unfair competition. Psystar, however, fails to explain the pertinent standards for the cause of action or how its counterclaim satisfies them. * * * Psystar's sixth claim, therefore, is dismissed.")

A common law unfair competition claim rests on the same question as other statutory unfair competition and Lanham Act claims, that is, whether there is a likelihood of confusion between the two marks.  *Walter v. Mattel, Inc.*, 210 F.3d 1108, 1111 (9th Cir. 2000) ("The test for false designation under the Lanham Act, as well as the common-law and statutory unfair competition claims, is whether there was a 'likelihood of confusion.'") (citation omitted).

Again, Bibiji has failed to state any claim for unfair competition or passing off because she has not made any allegation of use of the Licensed Marks, the

MOTION TO DISMISS OR MAKE MORE
DEFINITE AND COMPEL ARBITRATION

Golden Temple Mark, or any mark similar to either the Licensed Marks or the Golden Temple Marks.  Nor does Bibiji make any allegations of a likelihood of confusion.  Just as her trademark infringement claims must fail for these reasons, her unfair competition claim must fail as well.

### 4.   Bibiji Fails to State an Unfair Trade Practices Claim (Count V).

"California's statutory unfair competition laws broadly prohibit unlawful, unfair, and fraudulent business acts."  *Sybersound*, 517 F.3d at 1151.  Bibiji alleges that Golden Temple has engaged in unfair and fraudulent business practices.  S*ee* Complaint ¶ 45.  "Unfair acts among competitors means 'conduct that threatens an incipient violation of an antitrust law, or violates the spirit or policy of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition.'"  *Id.* (citation omitted).  Fraudulent acts are "ones where members of the public are likely to be deceived." *Id.* (citation omitted).  The California Business & Professional Code § 17204 states that "Actions for relief pursuant to this chapter shall be prosecuted * * * by * * * a person who has suffered injury in fact and has lost money or property as a result of the unfair competition."  If a plaintiff cannot sufficiently plead an unfair trade practices claim, that claim should be dismissed.  *See e.g. Apple*, 586 F.Supp.2d at 1204 ("Apart from its conclusory allegations regarding the 'sweeping nature of section 17200' * * * Psystar's section 17200 claim * * * must be dismissed.")

Bibiji's pleading is deficient in several respects with regard to her claim under California's statutory unfair competition law.  First, Golden Temple's use of its own federally registered Golden Temple Marks does not threaten a violation of the letter or spirit of any antitrust law or significantly harm competition, nor does Bibiji allege any such thing.  In addition, other than citing the statutory language in a conclusory fashion, Bibiji does not allege that Golden Temple is deceiving any

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

MOTION TO DISMISS OR MAKE MORE
DEFINITE AND COMPEL ARBITRATION

members of the public by promoting its own products.  Finally, Bibiji has neither suffered nor alleged any injury in fact and has neither suffered nor alleged a loss of money or property as a result of Golden Temple's lawful use and sales of the Golden Temple Marks.

Because Bibiji is not alleging any use of the Licensed Marks and because she has not alleged any likelihood of confusion between the Licensed Marks and the Golden Temple Marks, there is no injury or loss that Bibiji could allege.  Bibiji's Complaint fails to state an unfair trade practices claim under California law.

## 5.   Bibiji Fails to State a Trademark Cancellation Claim (Count X).

Golden Temple's YOGI TEA mark (Reg. No. 1980514) has been federally registered since 1996, and is incontestable pursuant to 15 U.S.C. § 1065. Complaint  Ex. F.  Although it is true that "[a] petition to cancel a registration of a mark * * * may * * * be filed by any person who believes that he is or will be damaged by the registration of a mark * * *." (15 U.S.C. § 1064), this right is limited with respect to incontestable marks.  The only valid grounds on which to petition for cancellation of incontestable marks are abandonment, genericness, and fraud.  15 U.S.C. § 1064(3).

In support of her claim for cancellation, Bibiji alleges that Golden Temple is using the YOGI TEA mark without authorization (Complaint ¶ 19) and that Golden Temple has "obtained registrations the YOGI MARKS which are identical in sight, sound and meaning as the YOGI MARKS as used by and associated with YOGI BHAJAN." (*sic*.)  Complaint ¶ 69.  These grounds for a cancellation are expressly precluded by the status of the YOGI TEA mark as incontestable.  15 U.S.C. § 1064(3).  Any petition to cancel the YOGI TEA mark based on these grounds is facially insufficient.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

16

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

Nor can Bibiji argue that Golden Temple's registration for YOGI TEA has been abandoned, is generic, or was obtained fraudulently.  Bibiji's Complaint presents no allegations of this type; rather, she simply makes the ambiguous statement that she "will be irreparably damaged if Defendant is permitted to maintain the registrations for the foregoing YOGI TEA MARKS."  Complaint ¶ 70. Such allegations do not state a valid cancellation claim.

### D.  In the Alternative, if Bibiji's Deficient Claims Are Not Dismissed, They Should Be Made More Definite and Certain.

Bibiji's claims should each be dismissed as set forth above.  Without waiving its request for the same, Golden Temple alternatively requests that if Bibiji's claims remain in this case, they should be made more definite and certain.  Bibiji's Complaint is problematic as it currently stands because her claims are vague and ambiguous.  Among other statements, Bibiji makes sweeping allegations referring to defendant's reckless behavior and intended, willful, fraudulent, malicious and oppressive acts; the serious damage she will suffer; her reputation and goodwill; and the commercial value of her trademark.  *See* Complaint ¶¶ 23, 24, 29, 41, 42. However, Bibiji never makes any specific allegations regarding *what* acts, *what* behavior, *what* damage, or *what* reputation.  Bibiji does not specify what she is referring to by these vague terms and never offers any facts to support her overbroad allegations.

Similarly, Bibiji's Complaint contains several duplicative causes of action. Namely, Count II and Count III are duplicative, and Counts VII, VIII, IX and X are also duplicative in various respects.  Given these deficiencies, Bibiji should be required to amend her claims specifically alleging the basis for standing on each claim, specifically alleging each required element of each cause of action, and avoiding duplicate allegations and claims.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

### E. **In the Alternative, If the Court Does Not Dismiss the Claims, it Should Compel Arbitration.**

Under the License Agreement, this Court does not have jurisdiction and is an improper venue. Defendant thus moves, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the Complaint for improper jurisdiction and venue and to compel arbitration in Portland, Oregon, as required by the license agreement between the parties.

### 1. **The License Agreement Requires Bibiji to Proceed by Arbitration in Portland, Oregon.**

Section 19 of the License Agreement states, "[a]ny controversy or claim arising out of, or relating to, this Agreement, or the making, performance, or interpretation of this Agreement, shall be settled by arbitration in Portland, Oregon." Davis Decl., Ex. A at 8. Bibiji's Complaint refers directly to the License Agreement (Complaint ¶¶ 16-19), and all her claims arise out of and/or relate to the License Agreement and Golden Temple's performance there under. Bibiji cannot avoid application of this controlling provision of the License Agreement by simply failing to attach the License Agreement and not including a straightforward breach of contract claim in her Complaint.

In her Complaint, Bibiji alleges that Golden Temple's predecessor, the Yogi Tea Company, obtained from Yogi Bhajan "a license to use his name and likeness and the trademark 'Yogi Tea' to market teas based on formulas developed by Yogi Bhajan." Complaint ¶ 14. She alleges that Golden Temple has also licensed various of Yogi Bhajan's marks, including the YOGI TEA mark, through subsequent licensing agreements, including the October, 2004, License Agreement. Complaint ¶¶ 15-17. She alleges that because Golden Temple claims to have terminated the License Agreement, it no longer has any right to use the YOGI TEA mark. Complaint ¶ 18. She claims that Golden Temple has nevertheless continued

to use the mark, and has expanded it to other products such as cereals without authorization.  Complaint ¶ 19.  These allegations—all of which ultimately concern the License Agreement and its interpretation—provide the factual basis for *all* of Bibiji's claims.  Indeed, she specifically incorporates these allegations into each of her individual claims for relief.  Complaint ¶¶ 21, 27, 33, 39, 44, 48, 51, 55, 63, 68.  As her own Complaint demonstrates, there is no way to adjudicate Bibiji's alleged rights without interpreting the License Agreement to determine whether it includes YOGI TEA as a licensed mark and whether it otherwise places any restrictions on Golden Temple's use of that mark.

*Orange County Choppers, Inc. v. Goen Technologies Corp.*, 374 F. Supp. 2d 372 (S.D.N.Y. 2005), presented a fact pattern closely similar to this case.  The parties had an agreement that gave the defendant a limited right to use the plaintiff's trademarks.  *Id*. at 373.  The agreement also contained an arbitration clause.  *Id*.  The plaintiff subsequently brought claims for trademark infringement and unfair competition against the defendant, claiming that the defendant had used plaintiff's marks on various products without authorization.  *Id*. at 372-73.  The plaintiff claimed that the arbitration clause did not apply because the agreement did not give the defendant a license to use its trademarks on apparel.  *Id*. at 374.  The court rejected that argument:

> In part, this dispute concerns whether the agreement gave the defendant the right to use the OCC marks.  Resolving this dispute requires interpreting the agreement to ascertain whether the defendant's use of the plaintiff's marks fall within the rights given the defendant to "reproduce, copy, publish, broadcast, or otherwise use the name, picture or likeness heretofore or hereafter made of the OCC or any material based upon or derived therefrom * * * *" (OCC Agreement, at ¶ 3.3.)  This determination is critical to the plaintiff's claims; indeed, where a claim "implicates issues of contract construction or the parties' rights and obligations under it" and the arbitration clause is broad, the dispute should proceed to arbitration.

MOTION TO DISMISS OR MAKE MORE
DEFINITE AND COMPEL ARBITRATION

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

*Id.* (citation omitted). *See also Norcom Electronics Corp. v. CIM USA Inc.*, 104 F.Supp.2d 198, 205-06 (S.D.N.Y. 2000) (plaintiff's Lanham Act claim was within the scope of the arbitration clause in the parties' distributorship agreement because it "implicates questions of contract construction" and thus "necessarily falls within the scope of a broad arbitration clause within that contract").

Other courts have consistently held that a party cannot defeat application of an arbitration clause simply by pleading claims other than breach of contract. *See*, *e.g.*, *Chelsea Family Pharmacy, PLLC v. Medco Health Solutions, Inc.*, 567 F.3d 1191, 1198 (10th Cir. 2009) ("Focusing on the facts rather than on a choice of legal labels prevents a creative and artful pleader from drafting around an otherwise-applicable arbitration clause"); *Kiefer Specialty Flooring, Inc. v. Tarkett, Inc.*, 174 F.3d 907, 910 (7th Cir. 1999) ("We have routinely held that a party may not avoid a contractual arbitration clause merely by 'casting its complaint in tort.'") (citations omitted); *J.J. Ryan & Sons, Inc. v. Rhone Poulenc Textile, S.A.*, 863 F.2d 315, 321 (4th Cir. 1988) ("The recommended clause does not limit arbitration to the literal interpretation or performance of the contract.  It embraces every dispute between the parties having a significant relationship to the contract regardless of the label attached to the dispute").

Bibiji's filing in the Central District of California is improper because by the terms of the License Agreement, Bibiji must seek arbitration in Portland, Oregon, before she can appeal to a district court.  Bibiji cannot have it both ways—she cannot allege rights implicating the License Agreement while at the same time denying the express provision of the License Agreement that requires arbitration.

## 2.      The Court Should Compel Arbitration in Portland, Oregon.

Title 9 of the United States Code, the Federal Arbitration Act ("FAA"), provides that written agreements to arbitrate contained in any contract "evidencing a transaction involving commerce * * * shall be valid, irrevocable, and enforceable,

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.

The FAA further states that:

> *A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement* for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, *for an order directing that such arbitration proceed in the manner provided for in such agreement.* * * * The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court *shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement.*

9 U.S.C. § 4 (emphasis added).

Moreover, § 3 of the FAA compels stay of this lawsuit while the arbitration proceeds.  The FAA reads in relevant part:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, *shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement*, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3 (emphasis added).

The FAA, resting on Congress' authority under the Commerce Clause, "creates a body of federal substantive law" that is applicable in both state and federal courts.  *Southland Corp. v. Keating*, 465 U.S. 1, 12 (1984).  *See also Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24-25 (1983) (also noting that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration").

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

21

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Where a contractual right to arbitration exists, the court is bound to enforce it. *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (the FAA "leaves no place for the exercise of discretion * * * but instead mandates that the * * * court *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed") (emphasis added). *Republic of Nicaragua v. Standard Fruit Co.*, 937 F.2d 469 (9th Cir. 1991) *cert. denied*, 503 U.S. 919 (1992) (court can only determine whether a written arbitration agreement exists, and if it does, enforce it); *Collins & Aikman Products Co. v. Building Systems, Inc.*, 58 F.3d 16 (2d Cir. 1995) (arbitration mandatory unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that it covers the asserted dispute).

Here, there is no dispute that the License Agreement evidences a transaction involving interstate commerce. The License Agreement was between persons in different states and was explicitly described as a license to manufacture, sell, and distribute some licensed products "in North America, central America, South America, Russia, and Australia" and other licensed products "anywhere in the world[.]" Davis Decl., Ex. A at 2, 9. Therefore, the FAA applies, and the Court must compel Bibiji to arbitrate her claims and stay these proceedings pending that arbitration.

## IV.  CONCLUSION

For all of the foregoing reasons, Golden Temple respectfully requests that this Court dismiss this action or in the alternative require Bibiji to amend to make

\\\\\
\\\\\
\\\\\
\\\\\

MOTION TO DISMISS OR MAKE MORE DEFINITE AND COMPEL ARBITRATION

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

more definite and certain.  In the alternative, Golden Temple respectfully requests this Court dismiss this action and compel arbitration in Portland, Oregon.


DATED:  March 15, 2010                    GREENBERG GLUSKER FIELDS
                                          CLAMAN & MACHTINGER LLP


                                          By:   /s/ Stephen S. Smith
                                             STEPHEN S. SMITH (SBN 166539)
                                             Attorneys for Defendant GOLDEN
                                             TEMPLE OF OREGON, LLC