**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

SEND

**CIVIL MINUTES -- GENERAL**

Case No.   **CV 10-882-JFW (VBKx)**                                              Date: March 15, 2010

Title:   Bibiji Inderjit Kaur Puri -v- Golden Temple or Oregon, LLC, et al.

---

**PRESENT: HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**        **ATTORNEYS PRESENT FOR DEFENDANTS:**
None                                                                              None

**PROCEEDINGS (IN CHAMBERS):**       **COURT ORDER**

Counsel are hereby notified that a Scheduling Conference has been set for **April 26, 2010** at **8:30 a.m.** before Judge John F. Walter in Courtroom 16, U.S. Courthouse, 312 N. Spring Street, Los Angeles.  Lead Trial Counsel shall attend all proceedings before this Court, including the Scheduling Conference.

Counsel are directed to comply with Rule 26 of the Federal Rules of Civil Procedure and Local Rule 26-1 in a timely fashion and to file a Joint Report and a ADR Pilot Program Questionnaire, on or before **April 15, 2010**.  The title page of the Joint Report must state the date and time of the Scheduling Conference.

The parties must include the following information in their Joint Report which, except in unusually complex cases, should not exceed ten pages:  (1)  the basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, the date by which service will be completed and an explanation as to why service has not been completed;  (2)  a brief chronology of the facts and a statement of the principal factual issues in dispute;   (3)  a brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions;  (4)  all prior and pending motions, their current status, and any anticipated motions;  (5)  the extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings;  (6) whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made;  (7) discovery taken to date, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f);  (8)  any related cases or proceedings pending before another judge of this court, or before another court or administrative body;  (9)  all relief sought by the complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated.  In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established;  (10) whether each party has filed the "Certification as to Interested Parties or Persons" required by the Local Rules.  In addition, each party must restate in the joint report the contents of its certification by identifying any persons, firms, partnerships, corporations (including

Initials of Deputy Clerk   sr

rev 1/4/10

parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding;  (11)  an appropriate last date for the completion of discovery and the hearing of motions, a date for a final pretrial conference and a trial date;  (12)  whether the case will be tried to a jury or to the Court and a preliminary estimate of the time required for trial;  (13)  efforts made to settle or resolve the case to date, and the parties' views as to an appropriate plan for maximizing settlement prospects;  (14)  whether the case is complex or requires reference to the procedures set forth in the Manual on Complex Litigation; (15) what motions the parties are likely to make that may be dispositive or partially dispositive;  (16)  any unusual legal issues presented by the case; and (17)  proposals regarding severance, bifurcation, or other ordering of proof.

Lead Trial Counsel for each party shall also confirm that they are registered as "ECF Users" and shall provide their "E-Mail Address of Record."  Courtesy copies shall be provided to the Court in accordance with the Court's Standing Order.

If counsel fail to file the required Joint Report and a ADR Pilot Program Questionnaire or fail to appear at the Scheduling Conference and such failure is not otherwise satisfactorily explained to the Court: (a) the cause shall stand dismissed for failure to prosecute, if such failure occurs on the part of the plaintiff; (b) default judgment shall be entered if such failure occurs on the part of the defendant; or (c) the Court may take such action as it deems appropriate.

**Plaintiff's counsel is directed to give notice of the Scheduling Conference to all parties that have appeared in this action, and is directed to give notice of the Scheduling Conference <u>immediately</u> to each party that makes an initial appearance in the action after this date.**

Initials of Deputy Clerk __sr__