Surjit P. Soni (State Bar No. 127419)
M. Danton Richardson (State Bar No. 141709)
Leo E. Lundberg, Jr. (State Bar No. 125951)
THE SONI LAW FIRM
35 North Lake Ave., Suite 720
Pasadena, California  91101
(626) 683-7600 Telephone
(626) 683-1199 Fax
SURJ@SONILAW.COM
DANTON@SONILAW.COM
LEO@SONILAW.COM
Attorneys for Plaintiff,
BIBIJI INDERJIT KAUR PURI

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BIBIJI INDERJIT KAUR PURI, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> GOLDEN TEMPLE OF OREGON, LLC, an Oregon Limited Liability Corporation; DOES 1 through 10, <br><br> Defendants. | CASE NO.:  CV 10-882-JFW (VBKx) <br><br> **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION** <br><br> DATE:     April 26, 2010 <br> TIME:     1:30 a.m. <br> CTRM:    16 |

**OPPOSITION TO MOTION**
**TO COMPEL ARBITRATION**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

For decades, Defendant Golden Temple of Oregon LLC and its predecessor(s) (collectively "GTO") have utilized and reaped untold profits from the secret formula for a special tea developed by Yogi Bhajan. Under license, GTO used various trademarks associated with Yogi Bhajan and Yogi Bhajan's image and likeness on specifically identified goods to establish an inextricably intertwined affiliation/sponsorship between Yogi Bhajan and the YOGI brand of teas and other YOGI products.

The License Agreement was for a specified period but GTO chose to terminate it in 2008. The License Agreement extended only to specified goods but GTO has apparently used the Licensed Marks on other goods never authorized under the License Agreement.

Now GTO is using the Licensed YOGI MARKS on goods never part of the license and it is continuing to use the Licensed Marks on licensed goods after having terminated the license. GTO is attempting to usurp the goodwill developed over those decades, and keep for itself all of the profits from its sales of the special tea developed by Yogi Bhajan, and exclude any participation in such profits by Yogi Bhajan's widow, Plaintiff Bibiji Inderjit Kaur Puri ("Plaintiff"), by merely removing the image and likeness of Yogi Bhajan while still using Licensed Marks. GTO cannot so easily undo its decades of deliberate effort to engender the affiliation of Yogi Bhajan with its products.

The Court should deny GTO's motion to compel arbitration because GTO terminated the license agreement from which it now seeks to enforce an arbitration provision. The License Agreement is no longer in effect and the arbitration provision does not encompass post-termination infringement of the trademarks in issue **_or_** those goods which were never the subject of the License Agreement. In any event, this Court cannot compel arbitration in Oregon under the Federal Arbitration Act.

## II. GTO'S POST-TERMINATION INFRINGEMENT AND IT'S USE OF LICENSED MARKS ON GOODS NEVER LICENSED IS NOT ARBITRABLE

The claims in the complaint do not require reference to or interpretation of the license agreement between the parties for resolution. All conduct complained of occurred after GTO termination the license agreement _or_ was never within the scope of the license.

The issues in this case far transcend those merely "arising out of or relating to" the contract between the parties. It is inconceivable that the parties intended such a dispute to be settled by arbitration.

> Section 3 of Title 9 U.S.C. authorizes the court to grant a stay "upon being satisfied that the issue involved * * * is referable to arbitration." The written agreement between the parties provides for the arbitration of any dispute or disagreement between the parties "arising out of or relating to" the licensing contract. But the controversy between the parties, certainly the claim of the plaintiff, is one involving the issue of unfair competition. The action sounds not in contract but in tort, and the issue is not defined by the question of the rights of the parties under the agreement. If the dispute were confined to issues of whether or not the contract was violated, it would be referable to arbitration. But "the issue involved", see *International Union, United Automobile Aircraft v. Benton Harbor Malleable Industries*, 6 Cir., 242 F.2d 536, 539, 542, is much broader in scope, requiring a consideration of facts and factors beyond the contract. Even if any existing subordinate contract issues were resolved by arbitration, "the issue involved" would

| | |
|---|---|
| 1 | remain. Indeed, in the absence of a license agreement and of |
| 2 | defendant's operation under it, the broad issue would |
| 3 | remain. No arbitration decision interpreting the contract |
| 4 | could determine the controversy at bar. To delay the suit for |
| 5 | injunctive relief and require arbitration would merely add to |
| 6 | the "costliness and delays of litigation" it was the purpose of |
| 7 | the Arbitration Act to eliminate. 68 Cong., 1st Sess., House |
| 8 | of Rep. Report No. 96. For the controversy between the |
| 9 | parties would still have to be decided by this court. Whether |
| 10 | or not defendant has competed unfairly with the plaintiff |
| 11 | presents an issue far transcending one merely "arising out of |
| 12 | or relating to" the contract between the parties, and it is |
| 13 | inconceivable that they intended such a dispute to be settled |
| 14 | by arbitration. While the parties have made an agreement to |
| 15 | arbitrate, the filing of suit for injunctive relief does not |
| 16 | constitute a failure, neglect or refusal of the |
| 17 | respondent-plaintiff to perform its agreement under 9 U.S.C. |
| 18 | 4. The motion for a stay and to compel arbitration will be |
| 19 | denied. |

*Wyatt Earp Enterprises v. Sackman, Inc.*, 157 F.Supp. 621, 626-27, 116 U.S.P.Q. 122 (S.D.N.Y. 1958).  See also *A. & E. Plastik Pak Co. v. Monsanto Co.*, 396 F.2d 710 (9th Cir. 1968) (district court abused discretion by not enjoining arbitration of issues relating to whether licensee of know-how had promised not to sell product in competition with licensor; whether licensee had broken that promise; and whether licensor was justified in repudiating its commitment to purchase product from licensee).

///

## III. THIS COURT CANNOT ISSUE AN ORDER COMPELLING ARBITRATION OUTSIDE OF THE CENTRAL DISTRICT OF CALIFORNIA

Section 3 of the FAA gives courts the power to stay an action upon being satisfied that the issue before the court is referable to arbitration. See 9 U.S.C. § 3. However, the power to dismiss and compel arbitration is limited in terms of venue, and a court may only compel arbitration within the judicial district in which the petition to compel has been filed. Id. § 4. Thus, where arbitration is to proceed in another district, as in this case, only a stay is available. See *Provident Bank v. Kabas*, 141 F.Supp.2d 310, 318 (E.D.N.Y.2001) (citing *Ryan v. Allen*, 992 F.Supp. 152, 154-55 (N.D.N.Y.1998)).

*Argus Media Ltd. v. Tradition Financial Services Inc.*, 2009 WL 5125113, 2 (S.D.N.Y. 2009).

*Continental Grain Co. v. Dant & Russell*, 118 F.2d 967, 968-69 (9th Cir. 1941) interprets section 4 of the Federal Arbitration Act as limiting courts to ordering arbitration within the district in which the suit was filed. The Ninth Circuit has indirectly confirmed this interpretation, stating that "by its terms, § 4 only confines the arbitration to the district in which the petition to compel is filed." *Textile Unlimited, Inc. v. A..BMH and Co., Inc.*, 240 F.3d 781, 785 (9th Cir. 2001).

Therefore, this Court can only compel arbitration within the Central District of California, and cannot compel arbitration in Oregon as GTO requests.

///
///
///

## IV. CONCLUSION

For the foregoing reasons, GTO's motion should be denied.

Dated: April 5, 2010          THE SONI LAW FIRM


By: /s/ M. Danton Richardson
Surjit P. Soni
M. Danton Richardson
Attorneys for Plaintiff,
BIBIJI INDERJIT KAUR PURI

**OPPOSITION TO MOTION
TO COMPEL ARBITRATION**